UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                         No. 11 Cr.00032-0? (JSR)

-against-


BOB NGUYEN,

*Defendant.*


-------------------------------------------------------- X

_____

**SENTENCING MEMORANDUM ON BEHALF OF
DEFENDANT BOB NGUYEN**
_____


                                                            By: Susan C. Cassell, Esq.

                                                            419 Lucille Court
                                                            Ridgewood, NJ 07450
                                                            (201) 445-3894 Tel.& Fax
                                                            Cassell.susan@gmail.com
                                                             Attorney for Bob Nguyen

Preliminary Statement

Defendant, Bob Nguyen, by and through his counsel, respectfully submits the following Sentencing Memorandum for the sentencing to be held on October 17, 2013.

On January 11, 2011, Mr. Nguyen pled guilty, before Magistrate-Judge Debra Freeman, to a two- count Information, pursuant to a cooperation agreement. Specifically, Mr. Nguyen pled guilty to one conspiracy count, in violation of 18 U.S.C. § 371, in connection with his making available material non-public information in his role as a technology analyst to clients of his employer Primary Global Research ("PGR"). He also pled guilty to one substantive count of wire fraud, in violation of 18 U.S.C.§ 1343 and 2.

The sentencing range on Count One is from zero to five years incarceration. On Count Two, he is subject to a maximum sentence of 25 years incarceration. Additionally, on each count, Mr. Nguyen faces a maximum period of up to three years of supervised release.

The United States has or will be filing a motion for a downward departure under U.S.S.G.  5k1.1, reflecting the substantial assistance provided by Mr. Nguyen, including testifying at the trial of others involved in the conspiracy, and the usefulness, reliability and completeness of this information.

As Your Honor is aware, although the crimes for which Mr. Nguyen pled guilty are serious ones, they were economic, and non-violent in nature, and he has agreed to pay restitution to the Security and Exchange Commission, in an amount equal to the

total of his salary earned from PGR during the period of his employment.[1]

Based upon Mr. Nguyen's substantial cooperation, and the government's motion, we request that this Court grant a substantial downward departure from the advisory Guideline range of an Offense Level of 15, and Criminal History Category 1, which is 18-24 months.

In this case, neither the interests of justice, nor the factors set forth in 18 U.S.C. § 3553(a) (that a sentence should be "sufficient but not greater than necessary" to serve the governmental interest), and U.S.S.G. § 5k1.1, taken together with the mandates of *United States v Booker,* 543 U.S. 220 (2005), would be furthered by a custodial sentence, and therefore Mr. Nguyen respectfully asks the Court to sentence him to a term of probation on both counts.

Mr. Nguyen has fully accepted responsibility for his conduct which was clearly out of character for him, and admittedly unlawful. In acting in the manner that he did, he not only betrayed the interest of the investing public as a whole, but he violated a more personal standard of behavior with which he had grown up. A more detailed discussion of these personal characteristics can be more eloquently found in the letters of support which have been filed with this letter. He has suffered the loss of his job and the humiliation within both his profession and his family, as well as the loss of important civil rights. These are harsh consequences. In this precarious economic

---

[1] Regarding the payment to the SEC, we respectfully request that this amount $202,339.20 be credited against any forfeiture or restitution which this Court determines is appropriate in this case.

climate professional opportunities are limited, and looking toward the future with a federal felony conviction will make professional opportunities very difficult to obtain. However, in recognizing his illegal conduct, Mr. Nguyen sought from early on in this case to assist the government to the greatest extent possible, in the prosecution of others involved in this case.

Although Mr. Nguyen has found employment, albeit at a much lower professional and economic level than previously, he currently is the support of not only himself, but he also assists in the support of his fiancee who has suffered for a lengthy period of time from a debilitating illness, which has rendered her unable to work.

## Federal Sentencing Law

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). "Underlying this tradition is the principle that the punishment should fit the offender and not merely the crime." *Pepper v. United States*, -- U.S. --, 131 S. Ct. 1229, 1240 (2011) (internal quotations and citation omitted).

This Court has broad discretion to sentence Mr. Nguyen within the sentencing ranges applicable to each count, or to exercise discretion to sentence Mr. Nguyen outside the guidelines, based upon factors such as a motion for a downward departure,

filed by the government.  As a result of the sentencing changes brought about by *United States v. Booker*, 543 U.S. at 220, this Court stands as the sole arbiter of a just and proper sentence, empowered and required to "make an individualized assessment" of a fair sentence pursuant to the factors presented in 18 U.S.C § 3553(a).  *Gall v. United States*, 552 U.S. 38, 50 (2007).  It is appropriate that this broad discretion has been returned to the Court, because "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case.  The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts[,] and gains insights not covered by the record." *Id.* at 51-52.

The Supreme Court's post-*Booker* opinions make clear that, although a sentencing court must give 'respectful consideration of the Guidelines, *Booker* permits the court to tailor the sentence in light of other statutory concerns as well." *Pepper*, 131 S.Ct. at 1241 (*quoting Kimbrough v. United States*, 552 U.S. 85, 101 (2007)).  Accordingly, "'although the Guidelines should be the starting point and the initial benchmark,' district courts may impose sentences within the statutory limits based on appropriate consideration of all of the factors listed in [18 U.S.C.] § 3553(a), subject to appellate review for 'reasonableness.'" *Id.* (*quoting Gall*, 552 U.S. at 49-51). perhaps because the Guidelines sentence itself fails to properly reflect § 3553(a) considerations, or perhaps the case warrants a different sentence regardless." *Kimbrough*, 552 U.S. at 113.

The Second Circuit has emphasized these teachings as well.  In an *en banc* decisions, in *United States v. Cavera,* 550 F. 3d 180, 189 (2d Cir. 2008), it recognized that it

5

is now "emphatically clear that the Guidelines are [indeed] guidelines -- that is, they are truly advisory", and to this end, "[a] district court may not presume that a Guidelines sentence is reasonable [and] it must instead conduct its own independent review of the sentencing factors[.]" *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*).

The Court is thus charged to "impose a sentence sufficient, *but not greater than necessary*, to accomplish the goals of sentencing, including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes of the defendant." *Kimbrough*, 552 U.S. at 101 (internal quotation marks and citations omitted) (emphasis added).; *see also* 18 U.S.C. § 3553(a). Accordingly, Mr. Nguyen will addresses the Section 3553(a) factors, so as to assist the Court in making an individualized assessment of the appropriate sentence here.

### Factor One: The Nature and Circumstances of the Offense and the History and Characteristics of the defendant

Bob Nguyen is a thirty-four year old graduate of the University of California, at Davis, with a B.S. in Electrical and Material Science Engineering, which he received in 2001. He is currently taking courses in computers and programming at Mission Community College.

Mr. Nguyen currently lives in Santa Clara, California, with his fiancee, who unfortunately, as mentioned earlier is unable to work.

### Factor Two: The Purposes of Sentencing

Section 3553(a)(2) lists four purposes of sentencing, which can be summed up as: (1) just punishment; (2) deterrence; (3) protection of the public; and (4) rehabilitation. .

        a.      <u>Just Punishment and Deterrence</u>

A sentence of probation is a just punishment for this offense and would adequately deter Mr. Nguyen and others in the future. Mr. Nguyen derived no net benefit from his crime. He has been financially ruined as a result of it, with an ongoing obligation to pay approximately $200,000, all of what he earned at PGR. He has no realistic future prospects of great earning power. Most importantly, he has provided substantial assistance to the government's investigation and prosecution of others. In fact, Mr. Nguyen spent many days assisting the government in the prosecution of others. Aside from his plea, at which time he admitted participation with the other defendants, we estimate that he has spent at least twenty-one days assisting the United States. This includes travel time to and from California, preparation for testimony at trial, and as a valuable witness at trial. Mr. Nguyen's judgment in deciding to conspire with others while very serious, does not require a sentence of imprisonment to ensure future respect for the law, or a continued general deterrence for this type of offense, and certainly does not appreciably add to the substantial specific deterrence that this prosecution already has served upon him.

        b.      <u>Protection of the Public and the Need for Rehabilitation</u>

As to protecting the public and the need for rehabilitation, the facts of this offense, as well as Mr. Nguyen's personal characteristics, place him at low risk to re-offend. His offense was completely out of character and an aberration when compared with the rest of his life. Moreover, the offense was a product of conditions

7

that will not recur in the future. He will never work again in the securities industry, and it is unlikely that he will hold a position in a publicly held company. He is a financially ruined convicted felon. The circumstances of his offense strongly suggest that Mr. Nguyen does not require incarceration to prevent him from committing another offense.

In addition, the stigma and collateral effects associated with Mr. Nguyen's felony securities fraud convictions present great penalties in and of themselves. The effect of these proceedings is immediately apparent from any internet search of his name, tarnishing his reputation and affecting his ability to pursue legitimate new business ventures in the future.

These facts weigh heavily on Mr. Nguyen as he approaches sentencing.

Beyond these facts, Mr. Nguyen's age and characteristics also suggest that the safety of the public does not require his incarceration. He is a first-time offender convicted of a nonviolent offense, had an impeccable and stable employment history, completed university, has a technical engineering degree, and has a supportive family. His life history strongly suggests that imprisonment would only prevent him from helping his fiancee deal with her long-term health issues.

Considering the circumstances of Mr. Nguyen's crime, his age, the fact that he is a first-time offender who committed a non-violent crime, and that he actively assisted the government's investigation, he presents a very low risk of recidivism. Incarceration of Mr. Nguyen, therefore, is not necessary for the protection of the public.

Mr. Nguyen's need for rehabilitation is also low. He has shown true remorse for his conduct by accepting early and full responsibility for his actions and by agreeing to cooperate with the government. Therefore, this factor also favors a non-incarceration sentence.

**C. Factor Three: The Kinds of Sentences Available**

This Court has at its disposal every sentencing option in framing a just sentence for Mr. Nguyen, and is no longer bound by the advisory Guidelines scheme. Given the nature of the offense conduct at issue here, Mr. Nguyen's substantial assistance, and his exemplary personal history, we suggest that this Court sentence Mr. Nguyen to a one year term of probation.[2] This would be a just and legal sentence under the governing statutes and applicable case law.

**D. Factors Four and Five: The Sentencing Guidelines and Guidelines Policy Statements**

As indicated in the PSR (¶¶ 41-52), the parties agree on the calculation of Mr. Nguyen's advisory Guidelines score. The applicable total offense level is 15, and corresponding to a Criminal History Category I, the resulting advisory Guidelines range is 18 to 24 months. *See id.* This Guidelines calculation is largely driven by the amount of gain resulting from the offense. Mr. Nguyen was not privy to any trades, and he certainly did not profit from them.

---

[2] Because Mr. Nguyen has been cooperating with the government, he already has been under supervision over the last two years. An additional year of supervision would be sufficient to ensure Mr. Nguyen is properly rehabilitated and on course to resume a law abiding and productive life.

**Factor Six: The Need to Avoid Unwarranted Sentencing Disparities**

In determining the appropriate sentence, the Court should take into account "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). We note that other cooperating defendants in this case received probationary sentences. A similar result here would further this purpose of sentencing, and would give Mr. Nguyen a sentence similar to other cooperating defendants in this case.

**Factor Seven: The Need to Provide Restitution**

The parties agree that restitution is not appropriate in this case, and therefore is not a relevant factor here. The parties have agreed, however, that Mr. Nguyen will pay to the Security and Exchange Commission disgorgement in the amount of approximately $202,339.20, which represents the total amount of compensation, including interest, that Mr. Nguyen received as compensation during the entire period that he was an employee of PGR. This payment, as noted in the PSR, at paragraph 78 will be credited dollar-for-dollar toward any amount of forfeiture.

## CONCLUSION

Mr. Nguyen accepts full responsibility for his conduct, and he moves forward in his life as a convicted felon. He is anxious about the future, and he is determined to work hard to build a new career which will enable him to provide financially for himself, his fiancee and any children he may have. He currently has a full time job at Diamond Systems Corporation, headquartered in Mountain View, CA, where he has

worked since May 2012. Mr. Nguyen has been sufficiently punished for his past conduct. He has successfully cooperated with the government and has had no incidents while on pre-trial supervision over the last two years. He respectfully asks for a sentence that is "sufficient, but not greater than necessary" to dispense just punishment under these particular circumstances. He asks this Court to impose a probationary sentence of one year.

                                                          Respectfully submitted,

                                                                        /s/

By: _____
      Susan C. Cassell, Esq.
      419 Lucille Court
      Ridgewood, New Jersey 07450
      (201) 445-3894
      cassell.susan@gmail.com
      Attorney for Bob Nguyen

Dated: October 3, 2013