UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA   :

        - v. -   :   11 Cr. 32 (JSR)

BOB NGUYEN,   :

        Defendant.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## THE GOVERNMENT'S SUBMISSION
## PURSUANT TO SECTION 5K1.1 OF THE GUIDELINES

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
    of America.

ANTONIA M. APPS
Assistant United States Attorney

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 9, 2013

BY HAND AND REQUEST TO BE FILED UNDER SEAL

The Honorable Jed S. Rakoff
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    United States v. Bob Nguyen,
                11 Cr. 32 (JSR)

Dear Judge Rakoff:

      The Government respectfully submits this letter to advise the Court of the pertinent facts concerning the assistance that Bob Nguyen ("Nguyen") has rendered in the investigation and prosecution of others. In light of these facts, and assuming that the defendant continues to comply with the terms of his cooperation agreement, commits no additional crimes before sentencing, and appears for his sentencing as scheduled on July 1, 2013, the Government intends to move, pursuant to Section 5K1.1 of the Sentencing Guidelines, that the Court sentence the defendant in light of the factors set forth in Section 5K1.1(a) of the Guidelines.

## I. Background

      A. Nguyen's Personal Background

      Nguyen graduated from the University of California at Davis in 2001 with a degree in electrical and material science engineering. From 2001 until 2008, he worked for a series of technology companies in California. In 2008, he joined the expert-networking firm Primary Global Research ("PGR") as an analyst. Nguyen was recruited to join PGR by Phani Kumar Saripella, the Chief Operating Officer, Chief Financial Officer, and Chief Compliance Officer of PGR. Nguyen's duties included recruiting employees of publicly traded technology companies to be "consultants" or "experts" for PGR; and talking to certain consultants periodically in order to determine the information they were providing and, at times, to pass that information directly to PGR clients. PGR clients were members of the investment community, typically analysts or portfolio managers at hedge funds in New York and elsewhere. Nguyen worked for PGR until early 2010. He earned approximately $190,000 during that two year period.

The Honorable Jed S. Rakoff
October 9, 2013
Page 2

### B. Nguyen's Criminal Conduct

During the times that Nguyen worked at PGR, he agreed with others at PGR to obtain material, nonpublic information from the consultants about their employers ("Inside Information") and pass that inside information to PGR clients. Nguyen knew that certain consultants were providing their employers' confidential business information to PGR clients in violation of their duties of trust and confidence because Nguyen had regular calls with those consultants in which he obtained the same inside information. For example, Nguyen obtained Inside Information about a micro-chip manufacturer called Advanced Micro Devices ("AMD") from an employee at AMD, Mark Anthony Longoria. At the direction of Saripella, and at times at the direction of James Fleishman, Nguyen passed the information he obtained from Longoria directly to PGR clients. The information that Nguyen obtained from Longoria included unit sales numbers for all of AMD's product lines, and, for at least two quarters in 2009, top line revenue and gross margin information for the whole company. When Nguyen expressed concern to Saripella about passing this inside information to clients, Saripella suggested that Nguyen could either arrange for the client to talk directly to Longoria, or could report the information in generalized form to the client, but that ultimately, Nuygen had "to service the client." Fleishman Trial Tr. 883. Nguyen continued to obtain and pass inside information from Longoria and other consultants after this conversation with Saripella.

Nguyen also obtained inside information from employees of publicly traded companies, including Daniel Devore of Dell, Walter Shimoon of Flextronics, Manosha Karunatilaka of Taiwan Semiconductor Manufacturing Company, and Alnoor Ebrahim of AT&T, each of whom have pled guilty to securities fraud and/or wire fraud in connection with their consulting activities for PGR. On one occasion, when Nguyen summarized Inside Information from DeVore at the request of James Fleishman, he headed the email containing that Inside Information "handle with care."

### C. Guilty Plea

On December 13, 2010, Nguyen pled guilty before the Honorable Victor Marrero to a two-count Information pursuant to a cooperation agreement. Count One charged Nguyen with conspiracy to commit securities fraud and wire fraud, in violation of Title 18, United States Code, Section 371, in connection with Nguyen's agreement with PGR employees, PGR consultants, and PGR clients to defraud public companies of material, nonpublic information and to engage in insider trading between January 2008 and February 2010. Count Two charged Nguyen with wire fraud, in violation of Title 18, United States Code, Section 1343, in connection with Nguyen's activities in soliciting, and causing others to solicit, inside information from public company employees and to provide it to PGR and PGR clients, in violation of the public company employees' fiduciary duties between January 2008 and February 2010. The total maximum sentence of incarceration on all counts in the Information is 25 years' imprisonment.

The Honorable Jed S. Rakoff
October 9, 2013
Page 3

At Nguyen's plea hearing, Nguyen stated, among other things, that he "had an understanding based on [his] communications with other PGR employees that one of the goals of PGR was to recruit current employees of public companies. It was also [his] understanding that certain current employees of public companies would provide current material and nonpublic information about their company, including information about their company's revenues, suppliers and customers to PGR clients." Plea Tr. at 21. Nguyen stated that he knew that employees of public companies were prohibited from disclosing this information, and that they were breaching their fiduciary duties in providing the information to PGR clients. Further, Nguyen admitted that "[t]ogether with other PGR employees, [he] facilitated and participated in calls between PGR experts and PGR clients in which PGR experts provided material nonpublic information to PGR clients." *Id.* Nguyen understood that the PGR clients wanted the information for purposes of executing securities transactions. *Id.* at 22.

D. Guidelines Calculation

Nguyen's sentencing Guidelines range is calculated as follows:

1. Pursuant to U.S.S.G. § 2B1.1(a), the base offense level is 8.[1]

2. Pursuant to U.S.S.G. § 2B1.1(b)(1)(F), the base offense level is increased by 10 points based on the fact that Nguyen's salary was approximately $190,890.

3. Pursuant to U.S.S.G. § 3E1.1, because Nguyen timely accepted responsibility for his crimes, his offense level is decreased by 3 levels.

Nguyen's total offense level is 14. Because Longoria has no criminal history, and is therefore in Criminal History Category I, his sentencing Guidelines Range is 15 to 21 months' imprisonment.

---

[1] The Presentence Report includes a base offense of 8 based on U.S.S.G. § 2B1.4(a), because the offense involved insider trading. At the sentencing of James Fleishman, the Government proposed, as it does here for Nguyen, using the defendant's salary as the appropriate measure of the gain or loss under Section 2B1.1(b). In part because the Government proposed salary as a measure of the loss, and in part because it would have made no different difference to the Court's sentence under Section 3553(a) factors, the Court adopted the base offense level of 7 under Section 2B1.1(a)(1). On the specific facts of this case and for the reasons discussed at Fleishman's sentencing, the Government does not seek the higher base offense level under Section 2B1.4 for Nguyen given that Fleishman had a more significant role in the scheme than Nguyen and received the lower base offense level.

The Honorable Jed S. Rakoff
October 9, 2013
Page 4

## II. Nguyen's Cooperation

Nguyen has provided substantial assistance to the Government in two meaningful ways. <u>First</u>, Nguyen assisted in the prosecution of James Fleishman, providing important testimony at Fleishman's trial. <u>Second</u>, Nguyen has provided information as to other PGR consultants and employees that has furthered other prosecutions and investigations.

Nguyen was approached by the FBI at a bakery in Stockton, California on October 27, 2010. In that initial interview with the FBI, Nguyen fully admitted to his criminal conduct, was completely truthful with the FBI agents, and agreed to cooperate with the Government. Nguyen was the first employee of PGR to cooperate with the Government. Throughout his cooperation, Nguyen has remained straightforward and honest, and his assistance has been both substantial and of great utility to a number of the Government's prosecutions and investigations relating to the expert networking firm PGR, including its employees, consultants and clients. His commitment to cooperate has never wavered from the moment he was first approached by the FBI. To his credit, Nguyen has been careful not to speculate or exaggerate and only testified about matters of which he had a clear recollection. Nguyen has never attempted to mitigate his own criminal conduct or to shift responsibility for his own actions.

1.   James Fleishman

Nguyen testified for two-and-a-half days at the trial of *United States* v. *James Fleishman*, 11 Cr. 32 (JSR). Nguyen was the only PGR employee to testify at the trial, and provided an insider's view into the operation of the conspiracy at PGR. Nguyen's testimony established that Fleishman knew that PGR consultants such as Longoria and DeVore were providing inside information to PGR clients. Nguyen testified that, in 2009, he showed Fleishman the detailed notes he took of a conversation with Longoria in which Longoria provided inside information to Nguyen. Fleishman Trial Tr. 879-882; GX 301E, 301F. Additionally, on the eve of AMD's first quarter earnings' announcement in 2009, Nguyen testified that Fleishman directed Nguyen to call Longoria to obtain information and provide it to a client. Fleishman indicated there was urgency to the request, showing that he knew the information would be important for a stock play prior to AMD's upcoming earnings announcement. Tr. 877-880.

Nguyen further testified about emails he sent to Fleishman containing detailed notes of conversations that he had with consultant Dan DeVore, of Dell, and which Nguyen headed "handle with care." Nguyen testified that one of the emails was prompted by Fleishman communicating to Nguyen that one of Fleishman's clients wanted the information. Tr. 927. With respect to another such "handle with care" email, Nguyen explained conversations he had with Fleishman, which were partly reflected in emails, and which indicated that Fleishman read and understood the nature and source of the inside information set forth in the emails. Tr. 923.

The Honorable Jed S. Rakoff
October 9, 2013
Page 5

In sum, Nguyen was a credible trial witness whose testimony was corroborated by emails, wire recordings, and the testimony of other witnesses. Fleishman was convicted on all counts after a three week trial, and was sentenced to 30 months' imprisonment. Nguyen was critical to Fleishman's conviction.

    2.    <u>Other Investigations/Prosecutions</u>

Nguyen has provided information that has been helpful to various other investigations and prosecutions by the Government. In particular, Nguyen provided incriminating information against a number of consultants, including Manosha Karunatilaka, Walter Shimoon and Alnoor Ebrahim, all of whom subsequently pled guilty to securities and wire fraud charges. Ebrahim was sentenced to one year and one day imprisonment. *See United States* v. *Ebrahim*, 12 Cr. 471 (JPO). Karunatilaka was sentenced to 18 months' imprisonment. *See United States* v. *Karunatilaka*, 11 Cr. 32 (JSR). Shimoon, who pled guilty pursuant to a cooperation agreement with the Government, was sentenced to two years' probation. *See United States* v. *Shimoon*, 11 Cr. 32 (JSR).



### III.   <u>Conclusion</u>

As described above, Nguyen provided substantial assistance in connection with the prosecution of James Fleishman, including testifying at his trial, and a number of other insider trading investigations. In light of these facts, and assuming that the defendant continues to comply with the terms of his cooperation agreement, commits no additional crimes before sentencing, and appears for his sentencing as scheduled, the Government intends to request at sentencing, pursuant to Section 5K1.1 of the Sentencing Guidelines, that the Court sentence the defendant in light of the factors set forth in Section 5K1.1 of the Guidelines.

    Respectfully submitted,

    PREET BHARARA
    United States Attorney

By: _____
    Antonia M. Apps
    Assistant United States Attorney
    (212) 637-2198

cc:    Susan Cassell, Esq. (By e-mail)